IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RODNEY D. LOWERY, | : |
| | : |
| Plaintiff | : |
| | : |
| VS. | : |
| | :   7 : 04-CV-110 (HL) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on October 6, 2004, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed applications for disability and Supplemental Security Income benefits in May and June 2001, alleging disability since May 18, 2001, due to congestive heart failure, high blood pressure, diabetes, arthritis, and back problems. His applications were denied throughout the administrative levels. Following a hearing, the ALJ determined that the plaintiff could not return to his past relevant work, but that the Medical-Vocational Guidelines as well as the Vocational Expert's testimony established that there was other work in significant numbers in the national economy which the plaintiff remained capable of performing. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ erred in his assessment of the plaintiff's credibility and erred in use of the Medical-Vocational Guidelines ("Grids").

At the time of the hearing before the ALJ, the plaintiff was 48 years of age with past work experience as a meter repairer/reader and water meter installer.  The medical record reveals treatment for hypertension, congestive heart failure, and diabetes, all of which appear to be affected or exacerbated by his obesity.  At the time of the hearing, the plaintiff was 6'6" and weighed 432 pounds.

*Standard of Review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Credibility review*

Initially, the plaintiff argues that the ALJ erred in assessing the credibility of plaintiff's testimony. In making credibility determinations regarding a claimant's accounts of pain and other symptoms, the ALJ may not reject a claimant's subjective accounts without providing explicit reasons for doing so. MacGregor v. Bowen, 786 F.2d 1050 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Herein, the ALJ stated that he had "considered the claimant's testimony and his allegations of disability and consider[ed] him not fully credible." R. at 14. The ALJ thereafter set out the claimant's testimony and the objective medical evidence, which provided essentially normal results and showed that the plaintiff had been non-compliant with his diet. In regard to the plaintiff's assertion that he required bathroom breaks every thirty (30) minutes, the ALJ "notes that once per hour bathroom breaks should be feasible with restriction of liquids and Depends." R. at 15. A review of the medical records, the plaintiff's testimony and the ALJ's decision herein reveals that the ALJ properly considered the plaintiff's testimony and properly discredited same to the extent that the plaintiff alleges total disability, based on the objective medical findings and the plaintiff's daily activities. The objective medical records reveal treatment for ischemic heart disease, hypertension, which doctors indicated was fairly well controlled with medication, diabetes, and pulmonary issues. In 2001, doctors indicated that the plaintiff had only mild limitations, mainly related to his morbid obesity, and spinal x-rays revealed a normal lumbar spine.

*Application of the Grids*

The plaintiff also argues that the ALJ erred in mechanically applying the Grids to find the

plaintiff not disabled.  The Social Security regulations provide that the Commissioner will not "apply the age categories mechanically in a borderline situation.  If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case."  20 C.F.R. § 404.1563(b).  A borderline situation exists "when there would be a shift in results caused by the passage of a few days or months."  Social Security Ruling 82-46c.  At the time of the ALJ's decision on December 16, 2003, the plaintiff was 48 years old, and did not turn 50 until December 21, 2004, more than one year after the ALJ's decision.  Therefore, pursuant to the regulations, this was not a situation in which the plaintiff's age presented a borderline situation.  *Accord* Lambert v. Chater, 96 F.3d 469 (10th Cir. 1996) (Claimant who was seven months short of the next age category when her insured status expired did not fall within borderline category preventing application of the Grids.).  Additionally, the court notes that the ALJ did not rely on the dictates of the Grids, but used them as a framework for decision along with the findings of the VE, who found that the plaintiff was unable to perform his past relevant work but could perform other sedentary jobs.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 25th day of January, 2006.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE